FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.

MAR - 9 2012

PATRICIA PRESLEY, COURT CLERK

by_____ DEPUTY

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. JOHN DOAK, INSURANCE COMMISSIONER, AS RECEIVER FOR PARK AVENUE PROPERTY & CASUALTY INSURANCE COMPANY<br><br>AND<br><br>STATE OF OKLAHOMA, ex rel. JOHN DOAK, INSURANCE COMMISSIONER, AS RECEIVER FOR IMPERIAL CASUALTY AND INDEMNITY COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>STAFFING CONCEPTS INTERNATIONAL, INC.<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2012 - 1513<br><br>BILL GRAVES |

## PETITION

The State of Oklahoma, *ex rel.* John Doak, Insurance Commissioner, as Receiver for Park Avenue Property & Casualty Insurance Company, f/k/a Providence Property & Casualty Insurance Company, in liquidation ("**Park Avenue**") and the State of Oklahoma, *ex rel.* John Doak, Insurance Commissioner, as Receiver for Imperial Casualty and Indemnity Company in liquidation ("**Imperial**"), for their claims for relief against Defendant Staffing Concepts International, Inc. ("**Staffing Concepts**"), allege and state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Park Avenue is an Oklahoma insurance corporation in liquidation pursuant to a *Consent Order of Liquidation with a Finding of Insolvency and Permanent Injunction* of the District Court of Oklahoma County, State of Oklahoma, dated November 18, 2009, in *State of Oklahoma ex rel John Doak v. Park Avenue Prop. and Cas. Ins. Co.*, No. CJ-2010-2340 (filed

EXHIBIT 1

Nov. 13, 2009). Park Avenue is administered under the direction of Receiver John Doak, Commissioner of Insurance for the State of Oklahoma, and the supervision of the District Court of Oklahoma County, Oklahoma (the "**Park Avenue Receivership Proceeding**").

2. Imperial is an Oklahoma insurance corporation in liquidation pursuant to a *Consent Order of Liquidation with a Finding of Insolvency and Permanent Injunction* of the District Court of Oklahoma County, State of Oklahoma, dated May 12, 2010, in *State of Oklahoma ex rel John Doak v. Imperial Cas. and Indem. Ins. Co.*, No. CJ-2010-2340 (filed Mar. 18, 2010). Imperial is administered under the direction of Receiver John Doak, Commissioner of Insurance for the State of Oklahoma, and the supervision of the District Court of Oklahoma County, Oklahoma (the "**Imperial Receivership Proceeding**").

3. Staffing Concepts is a Delaware corporation. Staffing Concepts conducts business as a professional employer organization ("**PEO**").

4. This Court has jurisdiction and venue over the parties and matters set forth herein. *See* Oklahoma Uniform Insurers Liquidation Act ("**OUILA**"), OKLA. STAT. tit. 36, §§ 1901, 1902(C)(2) *et seq*, and the agreements of the parties.

5. Oklahoma law mandates that a receiver collect funds owed to insolvent insurance companies. OKLA. STAT. tit. 36, §1922.

## BACKGROUND ALLEGATIONS

6. Before Park Avenue and Imperial were placed into receivership, Park Avenue and Imperial sold high deductible workers' compensation policies to PEOs.

7. On the respective dates when they were put into receivership, Park Avenue was licensed to provide workers' compensation coverage in 28 states and Imperial was licensed to provide workers' compensation insurance coverage in 47 states.

8. Park Avenue was known as Providence Property & Casualty Insurance Company until it was sold by its parent company, Providence Holdings, Inc., to Park Avenue Insurance, LLC, on January 30, 2009, when the Providence Property & Casualty Insurance Company was renamed as Park Avenue Property & Casualty Insurance Company.

9. All references to Park Avenue herein shall be deemed to refer to Providence Property & Casualty Insurance Company if an event occurred prior to the change of its name to Park Avenue Property & Casualty Insurance Company.

10. Prior to January 30, 2009, Imperial was wholly owned by Park Avenue.

11. Upon the sale of Park Avenue, Park Avenue transferred the ownership of Imperial to Providence Holdings, Inc.; and, since that time, Imperial has been wholly owned by Providence Holdings, Inc.

12. Staffing Concepts is a PEO which sells employment services to companies in multiple states for a fee, under contracts between the customer and Staffing Concepts.

13. As part of its obligations under the contracts with its customers, Staffing Concepts purchased workers' compensation insurance coverage for employees of the customer.

14. Staffing Concepts entered into contracts with Park Avenue and Imperial pursuant to which both insurance companies provided high deductible workers' compensation insurance policies to Staffing Concepts.

15. In states where the laws and regulations require that a separate policy be issued for each PEO customer, Park Avenue or Imperial issued policies under the Staffing Concepts agreement for each Staffing Concepts customer for each policy year.

16. Under these high deductible insurance policies, Park Avenue and Imperial agreed to administer and pay each covered claim, regardless of amount, and Staffing Concepts agreed to

pay Park Avenue and Imperial premiums and the following amounts, up to each claim's deductible limit: (i) the sums paid on the claim by Park Avenue and Imperial; (ii) the reserve established for unresolved claims; (iii) an actuarially determined sum for losses that have been incurred but not reported to the insurer; and (iv) loss adjustment expenses, which are, generally, the costs of adjusting claims.

17. Park Avenue and Imperial provided high deductible workers' compensation insurance to Staffing Concepts through a written insurance agreement, which included one or more insurance policies that specified the coverage, the policy period, and the insureds (the "**Agreement**").

18. Over the years, a series of Agreements were entered by Staffing Concepts and Park Avenue and by Staffing Concepts and Imperial.

19. Park Avenue and Imperial invoiced or otherwise demanded payment from Staffing Concepts for the amount due under the Agreement for each policy year for each of the respective categories of losses, expenses and charges.

20. Pursuant to the Agreement, payment is due within ten (10) days of the date of an invoice or demand.

21. Pursuant to the Agreement, Staffing Concepts agreed to pay a late fee equal to one and one-half percent (1.5%) per month of the invoiced amount for each payment not received within ten (10) days of the invoice date, until payment is received.

22. The Agreement further provided that, upon Staffing Concepts' default, Park Avenue and Imperial had the right to immediately accelerate all payments and obligations owed by Staffing Concepts.

23. Under the Agreement, Staffing Concepts also agreed to pay to Park Avenue and Imperial an amount which Park Avenue and Imperial could apply to any premiums and deductibles which Staffing Concepts failed to pay on time. The amount of this payment was determined by a formula based upon the annual premiums due from Staffing Concepts.

24. Staffing Concepts agreed that this amount could be comingled with the general assets of Park Avenue and Imperial.

25. Park Avenue and Imperial did, in fact, comingle this amount with their respective general assets.

26. In accordance with the provision to pay an amount over and above the amount due for premiums and deductibles, Staffing Concepts paid a total of $999,660 to Park Avenue and Imperial.

27. This $999,660 should be credited against the amount due from Staffing Concepts to Park Avenue and Imperial, and the proposed allocation between these receivership estates shall be submitted to the Court by the Receiver.

## 2003 AGREEMENT

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT WITH PARK AVENUE
### (2003 Park Avenue Agreement)

28. Park Avenue hereby incorporates the allegations contained in the preceding paragraphs as if set forth herein.

29. Pursuant to an Agreement, which included one or more policies issued thereunder, Staffing Concepts purchased workers' compensation insurance from Park Avenue for the period covering April 30, 2003, through April 29, 2004 (the "**2003 Park Avenue Agreement**").

30. Park Avenue provided the insurance coverage and otherwise fully performed its obligations under the 2003 Park Avenue Agreement.

31. Staffing Concepts breached the 2003 Park Avenue Agreement and damaged Park Avenue by failing to pay all amounts it owes to Park Avenue pursuant to the 2003 Park Avenue Agreement.

32. Park Avenue demanded in writing that Staffing Concepts pay its obligations, but Staffing Concepts has refused to do so.

33. As a consequence of Staffing Concepts' breach of the 2003 Park Avenue Agreement, Park Avenue accelerated the sums due under the 2003 Park Avenue Agreement and, accordingly, Staffing Concepts owes Park Avenue an amount not less than $730,892, plus pre-judgment interest of not less than $164,451 through December 31, 2011, additional pre- and post-judgment interest after December 31, 2011, at a rate of 18% per annum, the cost of actuarial consulting fees, and additional costs incurred in litigation, including reasonable attorney fees.

## 2004 AGREEMENT

### SECOND CLAIM FOR RELIEF
### BREACH OF CONTRACT WITH PARK AVENUE
### (2004 Park Avenue Agreement)

34. Park Avenue hereby incorporates the allegations contained in the preceding paragraphs as if set forth herein.

35. Pursuant to an Agreement, which included one or more policies issued thereunder, Staffing Concepts purchased workers' compensation insurance from Park Avenue for the period covering April 30, 2004, through April 29, 2005 (the "**2004 Park Avenue Agreement**").

36. Park Avenue provided the insurance coverage and otherwise fully performed its obligations under the 2004 Park Avenue Agreement.

37. Staffing Concepts breached the 2004 Park Avenue Agreement and damaged Park Avenue by failing to pay all amounts it owes to Park Avenue pursuant to the 2004 Park Avenue Agreement.

38. Park Avenue demanded in writing that Staffing Concepts pay its obligations, but Staffing Concepts has refused to do so.

39. As a consequence of Staffing Concepts' breach of the 2004 Park Avenue Agreement, Park Avenue accelerated the sums due under the 2004 Park Avenue Agreement and, accordingly, Staffing Concepts owes Park Avenue an amount not less than $36,613, plus pre-judgment interest of not less than $8,238 through December 31, 2011, additional pre- and post-judgment interest after December 31, 2011, at a rate of 18% per annum, the cost of actuarial consulting fees, and additional costs incurred in litigation, including reasonable attorney fees.

## 2005 AGREEMENTS

### THIRD CLAIM FOR RELIEF
### BREACH OF CONTRACT WITH PARK AVENUE
### (2005 Park Avenue Agreement)

40. Park Avenue hereby incorporates the allegations contained in the preceding paragraphs as if set forth herein.

41. Pursuant to an Agreement, which included one or more policies issued thereunder, Staffing Concepts purchased workers' compensation insurance from Park Avenue for the period covering April 30, 2005, through April 29, 2006 (the "**2005 Park Avenue Agreement**").

42. Park Avenue provided the insurance coverage and otherwise fully performed its obligations under the 2005 Park Avenue Agreement.

43. Staffing Concepts breached the 2005 Park Avenue Agreement and damaged Park Avenue by failing to pay all amounts it owes to Park Avenue pursuant to the 2005 Park Avenue Agreement.

44. Park Avenue demanded in writing that Staffing Concepts pay its obligations, but Staffing Concepts has refused to do so.

45. As a consequence of Staffing Concepts' breach of the 2005 Park Avenue Agreement, Park Avenue accelerated the sums due under the 2005 Park Avenue Agreement and, accordingly, Staffing Concepts owes Park Avenue an amount not less than $40,060, plus pre-judgment interest of not less than $9,014 through December 31, 2011, additional pre- and post-judgment interest after December 31, 2011, at a rate of 18% per annum, the cost of actuarial consulting fees, and additional costs incurred in litigation, including reasonable attorney fees.

### FOURTH CLAIM FOR RELIEF
### BREACH OF CONTRACT WITH IMPERIAL
### (2005 Imperial Agreement)

46. Imperial hereby incorporates the allegations contained in the preceding paragraphs as if set forth herein.

47. Pursuant to an Agreement, which included one or more policies issued thereunder, Staffing Concepts purchased workers' compensation insurance from Imperial for the period covering April 30, 2005, through April 29, 2006 (the "**2005 Imperial Agreement**").

48. Imperial provided the insurance coverage and otherwise fully performed its obligations under the 2005 Imperial Agreement.

49. Staffing Concepts breached the 2005 Imperial Agreement and damaged Imperial by failing to pay all amounts it owes to Imperial pursuant to the 2005 Imperial Agreement.

50. Imperial demanded in writing that Staffing Concepts pay its obligations, but Staffing Concepts has refused to do so.

51. As a consequence of Staffing Concepts' breach of the 2005 Imperial Agreement, Imperial accelerated the sums due under the 2005 Imperial Agreement and, accordingly, Staffing Concepts owes Imperial an amount not less than $3,578, plus pre-judgment interest of not less than $805 through December 31, 2011, additional pre- and post-judgment interest after December 31, 2011, at a rate of 18% per annum, the cost of actuarial consulting fees, and additional costs incurred in litigation, including reasonable attorney fees.

## 2006 AGREEMENTS

### FIFTH CLAIM FOR RELIEF
### BREACH OF CONTRACT WITH PARK AVENUE
### (2006 Park Avenue Agreement)

52. Park Avenue hereby incorporates the allegations contained in the preceding paragraphs as if set forth herein.

53. Pursuant to an Agreement, which included one or more policies issued thereunder, Staffing Concepts purchased workers' compensation insurance from Park Avenue for the period covering April 30, 2006, through April 29, 2007 (the "**2006 Park Avenue Agreement**").

54. Park Avenue provided the insurance coverage and otherwise fully performed its obligations under the 2006 Park Avenue Agreement.

55. Staffing Concepts breached the 2006 Park Avenue Agreement and damaged Park Avenue by failing to pay all amounts it owes to Park Avenue pursuant to the 2006 Park Avenue Agreement.

56. Park Avenue demanded in writing that Staffing Concepts pay its obligations, but Staffing Concepts has refused to do so.

57. As a consequence of Staffing Concepts' breach of the 2006 Park Avenue Agreement, Park Avenue accelerated the sums due under the 2006 Park Avenue Agreement and, accordingly, Staffing Concepts owes Park Avenue an amount not less than $495,543, plus pre-judgment interest of not less than $110,764 through December 31, 2011, additional pre- and post-judgment interest after December 31, 2011, at a rate of 18% per annum, the cost of actuarial consulting fees, and additional costs incurred in litigation, including reasonable attorney fees.

### SIXTH CLAIM FOR RELIEF
### BREACH OF CONTRACT WITH IMPERIAL
### (2006 Imperial Agreement)

58. Imperial hereby incorporates the allegations contained in the preceding paragraphs as if set forth herein.

59. Pursuant to an Agreement, which included one or more policies issued thereunder, Staffing Concepts purchased workers' compensation insurance from Imperial for the period covering April 30, 2006, through April 29, 2007 (the "**2006 Imperial Agreement**").

60. Imperial provided the insurance coverage and otherwise fully performed its obligations under the 2006 Imperial Agreement.

61. Staffing Concepts breached the 2006 Imperial Agreement and damaged Imperial by failing to pay all amounts it owes to Imperial pursuant to the 2006 Imperial Agreement.

62. Imperial demanded in writing that Staffing Concepts pay its obligations, but Staffing Concepts has refused to do so.

63. As a consequence of Staffing Concepts' breach of the 2006 Imperial Agreement, Imperial accelerated the sums due under the 2006 Imperial Agreement and, accordingly, Staffing Concepts owes Imperial an amount not less than $58,865, plus pre-judgment interest of not less than $13,159 through December 31, 2011, additional pre- and post-judgment interest after December 31, 2011, at a rate of 18% per annum, the cost of actuarial consulting fees, and additional costs incurred in litigation, including reasonable attorney fees.

## 2007 AGREEMENTS

### SEVENTH CLAIM FOR RELIEF
### BREACH OF CONTRACT WITH PARK AVENUE
### (2007 Park Avenue Agreement)

64. Park Avenue hereby incorporates the allegations contained in the preceding paragraphs as if set forth herein.

65. Pursuant to an Agreement, which included one or more policies issued thereunder, Staffing Concepts purchased workers' compensation insurance from Park Avenue for the period covering April 30, 2007, through April 29, 2008 (the "**2007 Park Avenue Agreement**").

66. Park Avenue provided the insurance coverage and otherwise fully performed its obligations under the 2007 Park Avenue Agreement.

67. Staffing Concepts breached the 2007 Park Avenue Agreement and damaged Park Avenue by failing to pay all amounts it owes to Park Avenue pursuant to the 2007 Park Avenue Agreement.

68. Park Avenue demanded in writing that Staffing Concepts pay its obligations, but Staffing Concepts has refused to do so.

69. As a consequence of Staffing Concepts' breach of the 2007 Park Avenue Agreement, Park Avenue accelerated the sums due under the 2007 Park Avenue Agreement and, accordingly, Staffing Concepts owes Park Avenue an amount not less than $1,188,922, plus pre-judgment interest of not less than $273,978 through December 31, 2011, additional pre- and post-judgment interest after December 31, 2011, at a rate of 18% per annum, the cost of actuarial consulting fees, and additional costs incurred in litigation, including reasonable attorney fees.

### EIGHTH CLAIM FOR RELIEF
### BREACH OF CONTRACT WITH IMPERIAL
### (2007 Imperial Agreement)

70. Imperial hereby incorporates the allegations contained in the preceding paragraphs as if set forth herein.

71. Pursuant to an Agreement, which included one or more policies issued thereunder, Staffing Concepts purchased workers' compensation insurance from Imperial for the period covering April 30, 2007, through April 29, 2008 (the "**2007 Imperial Agreement**").

72. Imperial provided the insurance coverage and otherwise fully performed its obligations under the 2007 Imperial Agreement.

73. Staffing Concepts breached the 2007 Imperial Agreement and damaged Imperial by failing to pay all amounts it owes to Imperial pursuant to the 2007 Imperial Agreement.

74. Imperial demanded in writing that Staffing Concepts pay its obligations, but Staffing Concepts has refused to do so.

75. As a consequence of Staffing Concepts' breach of the 2007 Imperial Agreement, Imperial accelerated the sums due under the 2007 Imperial Agreement and, accordingly, Staffing

Concepts owes Imperial an amount not less than $354,647, plus pre-judgment interest of not less than $81,299 through December 31, 2011, additional pre- and post-judgment interest after December 31, 2011, at a rate of 18% per annum, the cost of actuarial consulting fees, and additional costs incurred in litigation, including reasonable attorney fees.

## 2008 AGREEMENTS

### NINTH CLAIM FOR RELIEF
### BREACH OF CONTRACT WITH PARK AVENUE
### (2008 Park Avenue Agreement)

76. Park Avenue hereby incorporates the allegations contained in the preceding paragraphs as if set forth herein.

77. Pursuant to an Agreement, which included one or more policies issued thereunder, Staffing Concepts purchased workers' compensation insurance from Park Avenue for the period covering April 30, 2008, through April 29, 2009 (the "**2008 Park Avenue Agreement**").

78. Park Avenue provided the insurance coverage and otherwise fully performed its obligations under the 2008 Park Avenue Agreement.

79. Staffing Concepts breached the 2008 Park Avenue Agreement and damaged Park Avenue by failing to pay all amounts it owes to Park Avenue pursuant to the 2008 Park Avenue Agreement.

80. Park Avenue demanded in writing that Staffing Concepts pay its obligations, but Staffing Concepts has refused to do so.

81. As a consequence of Staffing Concepts' breach of the 2008 Park Avenue Agreement, Park Avenue accelerated the sums due under the 2008 Park Avenue Agreement and, accordingly, Staffing Concepts owes Park Avenue an amount not less than $3,119,933, plus pre-

judgment interest of not less than $701,985 through December 31, 2011, additional pre- and post-judgment interest after December 31, 2011, at a rate of 18% per annum, the cost of actuarial consulting fees, and additional costs incurred in litigation, including reasonable attorney fees.

### TENTH CLAIM FOR RELIEF
### BREACH OF CONTRACT WITH IMPERIAL
### (2008 Imperial Agreement)

82. Imperial hereby incorporates the allegations contained in the preceding paragraphs as if set forth herein.

83. Pursuant to an Agreement, which included one or more policies issued thereunder, Staffing Concepts purchased workers' compensation insurance from Imperial for the period covering April 30, 2008, through April 29, 2009 (the "**2008 Imperial Agreement**").

84. Imperial provided the insurance coverage and otherwise fully performed its obligations under the 2008 Imperial Agreement.

85. Staffing Concepts breached the 2008 Imperial Agreement and damaged Imperial by failing to pay all amounts it owes to Imperial pursuant to the 2008 Imperial Agreement.

86. Imperial demanded in writing that Staffing Concepts pay its obligations, but Staffing Concepts has refused to do so.

87. As a consequence of Staffing Concepts' breach of the 2008 Imperial Agreement, Imperial accelerated the sums due under the 2008 Imperial Agreement and, accordingly, Staffing Concepts owes Imperial an amount not less than $187,245, plus pre-judgment interest of not less than $42,130 through December 31, 2011, additional pre- and post-judgment interest after December 31, 2011, at a rate of 18% per annum, the cost of actuarial consulting fees, and additional costs incurred in litigation, including reasonable attorney fees.

## 2009 AGREEMENTS

### ELEVENTH CLAIM FOR RELIEF
### BREACH OF CONTRACT WITH PARK AVENUE
### (2009 Park Avenue Agreement)

88. Park Avenue hereby incorporates the allegations contained in the preceding paragraphs as if set forth herein.

89. Pursuant to an Agreement, which included one or more policies issued thereunder, Staffing Concepts purchased workers' compensation insurance from Park Avenue for the period covering April 30, 2009, through April 30, 2010 (the "**2009 Park Avenue Agreement**").

90. Park Avenue provided the insurance coverage and otherwise fully performed its obligations under the 2009 Park Avenue Agreement.

91. Staffing Concepts breached the 2009 Park Avenue Agreement and damaged Park Avenue by failing to pay all amounts it owes to Park Avenue pursuant to the 2009 Park Avenue Agreement.

92. Park Avenue demanded in writing that Staffing Concepts pay its obligations, but Staffing Concepts has refused to do so.

93. As a consequence of Staffing Concepts' breach of the 2009 Park Avenue Agreement, Park Avenue accelerated the sums due under the 2009 Park Avenue Agreement and, accordingly, Staffing Concepts owes Park Avenue an amount not less than $1,562,813, plus pre-judgment interest of not less than $353,849 through December 31, 2011, additional pre- and post-judgment interest after December 31, 2011, at a rate of 18% per annum, the cost of actuarial consulting fees, and additional costs incurred in litigation, including reasonable attorney fees.

## TWELFTH CLAIM FOR RELIEF
## BREACH OF CONTRACT WITH IMPERIAL
## (2009 Imperial Agreement)

94. Imperial hereby incorporates the allegations contained in the preceding paragraphs as if set forth herein.

95. Pursuant to an Agreement, which included one or more policies issued thereunder, Staffing Concepts purchased workers' compensation insurance from Imperial for the period covering April 30, 2009, through April 30, 2010 (the "**2009 Imperial Agreement**").

96. Imperial provided the insurance coverage and otherwise fully performed its obligations under the 2009 Imperial Agreement.

97. Staffing Concepts breached the 2009 Imperial Agreement and damaged Imperial by failing to pay all amounts it owes to Imperial pursuant to the 2009 Imperial Agreement.

98. Imperial demanded in writing that Staffing Concepts pay its obligations, but Staffing Concepts has refused to do so.

99. As a consequence of Staffing Concepts' breach of the 2009 Imperial Agreement, Imperial accelerated the sums due under the 2009 Imperial Agreement and, accordingly, Staffing Concepts owes Imperial an amount not less than $1,804,619, plus pre-judgment interest of not less than $406,554 through December 31, 2011, additional pre- and post-judgment interest after December 31, 2011, at a rate of 18% per annum, the cost of actuarial consulting fees, and additional costs incurred in litigation, including reasonable attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs State of Oklahoma, *ex rel.* John Doak, Insurance Commissioner, as Receiver for Park Avenue Property & Casualty Insurance Company, f/k/a Providence Property & Casualty Insurance Company, in liquidation, and State of Oklahoma, *ex*

*rel.* John Doak, Insurance Commissioner, as Receiver for Imperial Casualty and Indemnity Company, in liquidation, respectfully request that Judgment be entered against Defendant Staffing Concepts as follows:

A.   Awarding Park Avenue money damages in an amount not less than $7,174,776, plus pre-judgment interest of not less than $1,622,279 through December 31, 2011, and additional pre- and post-judgment interest after December 31, 2011 at a rate of 18% per annum;

B.   Awarding Imperial money damages in an amount not less than $2,408,954, plus pre-judgment interest of not less than $543,947 through December 31, 2011, and additional pre- and post-judgment interest after December 31, 2011 at a rate of 18% per annum;

C.   Awarding each Plaintiff recovery of actuarial charges incurred in an amount not less than $2,000;

D.   Awarding Plaintiffs' costs, including reasonable attorney fees and discretionary and other costs, as permitted by law;

E.   Crediting the total amount of $999,660, the amount previously paid by Staffing Concepts, against any amount adjudged to be due to Park Avenue and Imperial, as allocated by the Court upon receipt of Receiver's recommendation; and

F.   Awarding any and all such other, further and general relief as the Court deems just and proper.

Respectfully submitted,

NEWTON, O'CONNOR, TURNER & KETCHUM, P.C.

*/s/ John M. O'Connor*

John M. O'Connor, OBA No. 6741
Keith A. Wilkes, OBA No. 16750
William W. O'Connor, OBA No. 13200
Jon M. Payne, OBA No. 17910
Gregory P. Reilly, OBA No. 22284
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma  74119-5423
Telephone: 918-587-0101
Facsimile: 918-587-0102

**ATTORNEYS FOR PLAINTIFF,
STATE OF OKLAHOMA, ex rel.
JOHN DOAK, INSURANCE COMMISSIONER**