IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA ex rel. JOHN DOAK, INSURANCE COMMISSIONER, AS RECEIVER FOR PARK AVENUE PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) ) ) ) ) |
| AND | ) ) |
| STATE OF OKLAHOMA ex rel. JOHN DOAK, INSURANCE COMMISSIONER, AS RECEIVER FOR IMPERIAL CASUALTY AND INDEMNITY COMPANY, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )  Case No. CIV-12-409-C ) |
| STAFFING CONCEPTS INTERNATIONAL, INC., | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION & ORDER**

Plaintiff John Doak, Insurance Commissioner for the State of Oklahoma, instituted this action in state court in his capacity as Receiver for Park Avenue Property and Casualty Insurance Company ("Park Avenue") and Imperial Casualty and Indemnity Company ("Imperial") against Defendant Staffing Concepts International, Inc. ("SCI"). Defendant removed this case to federal court on April 16, 2012, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). In his present Motion to Remand (Dkt. No. 27), Plaintiff argues that

the Court should refuse to exercise its jurisdiction on the basis of the Burford[1] abstention doctrine. Defendant objects to Plaintiff's motion as untimely and failing the Grimes[2] and NOPSI[3] tests for Burford abstention. Because the Court finds Plaintiff has not met the Grimes/NOPSI test for abstention, Plaintiff's motion is hereby denied.

A.  Timeliness of Plaintiff's Motion

Defendant filed its Notice of Removal (Dkt. No. 1) on April 16, 2012. Plaintiff did not file the present Motion to Remand until September 4, 2012. Defendant contends that Plaintiff's Motion to Remand is thus untimely pursuant to 28 U.S.C. § 1447(c)'s thirty-day removal rule. Prior to the 1996 amendment of § 1447(c), courts unanimously held that the thirty-day rule did not apply to motions based on abstention because abstention was not a procedural defect. Snapper, Inc. v. Redan, 171 F.3d 1249, 1256-57, 1256 n.16 (11th Cir. 1999). However, the amended version of § 1447(c) substitutes the phrase "on the basis of any defect other than lack of subject matter jurisdiction," for "on the basis of any defect in removal procedure." Compare 28 U.S.C. § 1447(c) with 28 U.S.C. § 1447(c) (1994). Although a minority of courts[4] have held that § 1447(c)'s amended language is broad enough

---

[1]  Burford v. Sun Oil Co., 319 U.S. 315, 317-318 (1943) ("Burford").

[2]  Grimes v. Crown Life Ins. Co., 857 F.2d 699 (10th Cir. 1988) ("Grimes").

[3]  New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 361 (1989) ("NOPSI").

[4]  See Guillen v. Am. Home Mortg. Servicing, Inc., Case No. 2:11-CV-1068 JCM (CWH), 2011 WL 5008034, at *1 (D. Nev. Oct. 20, 2011) (unpublished) (holding plaintiffs' motion to remand on abstention grounds time-barred for failure to comply with thirty-day rule); Levin v. Tiber Holding Co., Case No. 98 Civ. 8643(SHS), 1999 WL 649002, at *3-4 (S.D.N.Y. Aug. 25, 1999)

to now encompass all grounds other than subject matter jurisdiction, including abstention, this Court recently adopted the view of the Ninth[5] and Eleventh[6] Circuits, and held that Congress did not intend § 1447(c) to "apply to motions to remand based on external considerations such as abstention." Okla. ex rel. Doak v. Select Servs., Inc., Case No. CIV-12-347-C, 2012 WL 5513068, at *1-3 (W.D. Okla. Nov. 14, 2012). Thus, Plaintiff's motion is timely.

B.  Burford Abstention

Defendant next argues that even if Plaintiff's motion is timely, the Court should decline to remand this case because Plaintiff has not met the Grimes/Nopsi test for Burford abstention. In Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 716 (1996), the Supreme Court reiterated "that federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." However, under the Burford doctrine, a federal court may abstain from hearing a case: (1) "when there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar'; or (2) where the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy

---

(unpublished) (acknowledging a split of authority but finding the thirty-day rule applicable to motions to remand based on abstention).

[5] See Kamm v. ITEX Corp., 568 F.3d 752 (9th Cir. 2009).

[6] See Snapper, Inc. v. Redan, 171 F.3d 1249 (11th Cir. 1999).

with respect to a matter of substantial public concern.'" NOPSI, 491 U.S. at 361 (1989) (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976)).

The principal Tenth Circuit authority with respect to Burford abstention in the context of insolvent insurer liquidation proceedings is Grimes, 857 F.2d 699 (10th Cir. 1988).[7] In Grimes, the Tenth Circuit recognized that Burford abstention is particularly appropriate where states have acted under the McCarran-Ferguson Act to "formulate their own systems to regulate insurers doing business in their states," especially in the context of the liquidation of insolvent insurers. 857 F.2d at 703. This is because in such a circumstance "it becomes increasingly possible that the exercise by a federal court of its jurisdiction will prove to be 'disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" Id. (quoting Colorado River, 424 U.S. at 814). However, the Court cautioned that even when states have developed comprehensive regulatory systems for the insurance industry, "federal courts may [still] properly exercise their jurisdiction in some cases." Id. at 704. Accordingly, the Tenth Circuit provided four factors for courts to use when making a determination about whether the exercise of federal jurisdiction is proper:

> (1) whether the suit is based on a cause of action which is exclusively federal; (2) whether the suit requires the court to determine issues which are directly relevant to the liquidation proceeding or state policy in the regulation of the insurance industry; (3) whether state procedures indicate a desire to create special state forums to regulate and adjudicate these issues; and, (4) whether difficult or unusual state laws are at issue.

---

[7] This Court has previously noted that "because Grimes is a pre-NOPSI case, its viability and precedence are uncertain;" but, "courts in this district have continued to cautiously apply the Grimes factors." Select Services, 2012 WL 5513068 at *4 n.5.

857 F.2d at 704-05 (internal citations omitted).

Although Plaintiff argues that all four Grimes factors favor abstention, this Court rejected an identical argument in an earlier case. In Select Services, the Court held that "[a]lthough the first Grimes factor clearly weighs in favor of abstention because this action is based solely on state law, the remaining factors do not support abstention." 2012 WL 5513068 at *5. The Court acknowledged the exclusive jurisdiction granted to the Oklahoma County District Court over liquidation proceedings of insolvent insurers, but found that restriction did not apply because the federal case was "'separate and distinct from the liquidations proceedings.'" Id. (quoting Crawford v. Emp'rs. Reins. Corp., 896 F. Supp. 1101, 1103 (W.D. Okla. 1995) (emphasis added)). Because the federal case was really "nothing 'more complex than an ordinary contract dispute,'" the Court concluded that there were no "difficult or unusual questions of state law." Id. (quoting Okla. ex rel. Holland v. Emp'rs. Reins. Corp., Case No. CIV-06-0426-HE, 2006 WL 2520216, at *1 (W.D. Okla. Aug. 29, 2006)). Additionally, the Court noted that "a dearth of cases interpreting the pertinent affirmative defense statutes is not sufficient to justify abstention when the statutes are clear and susceptible to the general canons of statutory interpretation."[8] Id. Because this case, like Select Services, involves a simple contract dispute, separate and distinct from the

---

[8] As the Tenth Circuit has noted, "'it has from the first been deemed to be the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment.'" Lindsey ex rel. Copier v. Smith & Wesson Corp., 138 F.3d 833, 839 (10th Cir. 1998) (quoting Meredith v. City of Winter Haven, 320 U.S. 228, 234 (1943)). Should any relevant statute prove unsusceptible to interpretation by this Court at a later date, Plaintiff can file a Motion to Certify at that time.

state liquidation proceedings, Plaintiff has not persuaded the Court that NOPSI and Grimes support abstention in this case.

Accordingly, Plaintiff's Motion to Remand is hereby DENIED.

IT IS SO ORDERED this 22nd day of January, 2013.

_____
ROBIN J. CAUTHRON
United States District Judge