IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA, *ex rel.* JOHN )
DOAK, INSURANCE COMMISSIONER, AS )
RECEIVER FOR PARK AVENUE )
PROPERTY & CASUALTY INSURANCE )
COMPANY )
)
AND )
) Case No. 5:12-cv-00409-C
STATE OF OKLAHOMA, *ex rel.* JOHN )
DOAK, INSURANCE COMMISSIONER, AS )
RECEIVER FOR IMPERIAL CASUALTY )
)
AND INDEMNITY COMPANY, )
)
Plaintiffs, )
)
v. )
)
STAFFING CONCEPTS INTERNATIONAL, )
INC., )

Defendant.

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs will take the deposition of the Defendant Staffing Concepts International, Inc. ("Defendant") upon oral examination before a person authorized by law to administer an oath, at Broad and Cassel, 100 North Tampa Street, Suite 3500, Tampa, Florida, 33602, on July 23, 2013 at 9:00 a.m.

You shall designate one or more persons who shall testify on behalf of Defendant and you shall designate about which of the matters designated below each such person

1




shall testify. The following definitions shall apply to the instant deposition(s):

1. <u>The relevant time period</u>: January 1, 2002 to the present.

2. <u>The deponents</u>: The person(s) identified should have knowledge regarding facts, policies, practices and procedures for which they are designated to testify. The deponent's specific area of knowledge should be designated by reference to the paragraph numbers of the matters designated below.

<u>Areas of Inquiry</u>

1. Identification, explanation, and discussion of all facts and law, including the identification, explanation, and discussion of all supporting documents, which relate to each allegation set forth in Defendant's Answer and Counterclaim, filed May 23, 2012, including but not limited to:

  a. Defendant's allegation that it was not provided all "insurance and related consideration" due from Park Avenue Property & Casualty Insurance Company ("Park Avenue"), Imperial Casualty & Indemnity Company ("Imperial"), and/or any related entity.

  b. Defendant's allegation that it did not enter into a contract with Park Avenue.

  c. Defendant's allegation that Plaintiffs have not fully identified amounts paid by Defendant over and above the amount due for premiums and deductibles.

  d. Defendant's allegation that it is owed credits over and beyond the dollar figure stated in Plaintiffs' Complaint.

  e. Defendant's allegation that Park Avenue, Imperial, and/or any related entity failed

2

to meet their obligations under the agreements and insurance policies with Defendant.

    f. Defendant's allegation that it is entitled to recoupment and/or set-off.

    g. Defendant's allegations of fraud against Park Avenue, Imperial, and/or any related entity.

    h. Defendant's allegations of unclean hands against Park Avenue, Imperial, and/or any related entity.

    i. Defendant's allegations concerning collateral and any alleged agreements regarding collateral acting as a satisfaction of amounts owed to Park Avenue, Imperial, and/or any related entity.

    j. Defendant's allegations that Park Avenue, Imperial, and/or any related entity made misrepresentations to Defendant.

    k. Defendant's allegations that Park Avenue, Imperial, and/or any related entity breached their agreements with Defendant.

    l. Defendant's allegations that Park Avenue, Imperial, and/or any related entity breached a fiduciary duty owed to Defendant.

2. Identification, explanation, and discussion of all agreements, and the terms thereof, between Imperial or Park Avenue and the Defendant.

3. Identification, explanation, and discussion of all insurance policies, and the terms thereof, issued by Imperial or Park Avenue to Defendant and/or any of Defendant's clients/customers.

4. Identification, explanation, and discussion of all monthly invoices with included loss runs, received by Defendant from either Imperial or Park Avenue.

5. Identification, explanation, and discussion, of all complaints made by Defendant to Imperial or Park Avenue prior to their respective receiverships regarding anything related to the administration or payment of any workers compensation claim, and identification, explanation, and discussion of all documents that support any such complaints.

6. Identification, explanation, and discussion, of all complaints made by Defendant to the Imperial or Park Avenue Receiver or other entity subsequent to their respective receiverships regarding anything related to the administration or payment of any workers compensation claim, and identification, explanation, and discussion of all documents that support any such complaints.

7. Identification, explanation, and discussion of all facts and law, including the identification, explanation, and discussion of all supporting documents, related to each of Defendant's responses to discovery propounded in this case.

8. Identification, explanation, and discussion of all facts and law, including the identification, explanation, and discussion of all supporting documents, concerning any complaints Defendant made to any person or entity regarding Park Avenue or Imperial related to alleged improper behavior pertaining to their agreements with Defendant.

9. Identification, explanation, and discussion of all facts and law, including the identification, explanation, and discussion of all supporting documents, which reflect

4

each payment the Defendant made for premiums or deductibles, or both, made to either Imperial or Park Avenue.

10. Identification, explanation, and discussion of all facts and law, including the identification, explanation, and discussion of all supporting documents, which reflect how much Defendant contends it owes to both Park Avenue or Imperial for:

    a. premiums;

    b. paid losses within the deductible layer;

    c. case reserves within the deductible layer;

    d. allocated loss adjustment expenses within the deductible layer; and

    e. incurred but not reported losses within the deductible layer.

NEWTON, O'CONNOR, TURNER & KETCHUM, P.C.

John M. O'Connor, OBA No. 6741
Gregory P. Reilly, OBA No. 22284
Patrick H. Kernan, OBA #4983
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma  74119-5423
Telephone: 918-587-0101
Facsimile: 918-587-0102

ATTORNEYS FOR PLAINTIFF,
STATE OF OKLAHOMA, *ex rel.* JOHN
DOAK, INSURANCE COMMISSIONER

## CERTIFICATE OF SERVICE

I hereby certify that on 15th day of July, 2013, I served the foregoing document by United States mail, postage prepaid, and by email to:

Leif E. Swedlow
Andrews Davis, P.C.
100 North Broadway Avenue
Suite 3300
Oklahoma City, OK 73102

Mark M. Barber, P.A.
BROAD AND CASSEL
100 North Tampa Street, Suite 3500
Tampa, FL 33602

ATTORNEYS FOR
STAFFING CONCEPTS
INTERNATIONAL, INC.

_____
Gregory F. Reilly