IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

TRAVELERS INDEMNITY CO. OF )
ILLINOIS, )
                        Plaintiff, )
v. )
                        ) Case No. CIV-03-389-WH
HANS LINGL ANLAGENBAU UND )
VERFAHRENSTECHNIK GmbH & CO. )
KG, et al, )
                        Defendants. )

FILED
MAY 27 2004
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By: _____
Deputy Clerk

## ORDER

Before the Court is the motion of defendant Bnoertec, Inc. for summary judgment. This is a civil action arising from the following facts. Commercial Brick Corporation ("CBC") is a business in Wewoka, Oklahoma. What the parties describe as Kiln B was equipped with a flame-sensing system, the purpose of which was to disable and/or turn off natural gas flow to the pre-heat burners if the flame-sensing system sensed problems with the flame at the end of the pre-heat burners.

CBC had difficulties with the flame-sensing system, which would disable and/or turn off natural gas flow to the pre-heat burners regardless of the existence of problems with the flame at the end of the pre-heat burners. This resulted in a significant loss of production coming out of Kiln B. Ultimately, CBC disabled the flame-sensing system, which required CBC to manually turn natural gas flow on and off to the Kiln B pre-heat burners.

On December 26, 2000, a severe ice storm knocked out power to CBC's facilities.

EXHIBIT 3

Power was restored on or about December 28, 2000. During start up of Kiln B, a problem occurred with a blower motor. CBC shut down Kiln B and repaired the blower motor. During this time, unignited natural gas flowed into Kiln B because the flame-sensing system had been disabled by CBC. When Kiln B was restarted, an explosion resulted that substantially destroyed Kiln B (as well as brick product that was in Kiln B) and injured a CBC employee.

Plaintiff Travelers Indemnity Company had a policy of property insurance in effect with CBC. Pursuant to the policy, plaintiff reimbursed CBC for its damages resulting from the explosion. Plaintiff brings this action as subrogee of CBC, alleging various causes of action.

The first amended complaint alleges that Encertec designed, manufactured, marketed and sold certain components of Kiln B. (¶86) Plaintiff sues Encertec for product liability, breach of warranty, negligence and breach of contract. Defendant moves for summary judgment as to all claims. "Fact" discovery has been completed. By Order entered March 11, 2004, the Court stayed further discovery pending resolution of the pending motions.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Rule 56(c) F.R.Cv.P. When applying this standard, the Court views the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party. McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir.1998).

2

First, an issue of litigation tactics <u>presents itself</u>. On February 11, 2004, the Court conducted a telephone conference with the parties who were in mid-deposition. Defendants had issued to plaintiff a notice of deposition pursuant to Rule 30(b)(6) F.R.Cv.P. and plaintiff had presented Philip Ambrose as its corporate representative. The parties were at an impasse because the witness, upon advice of plaintiff's counsel, <u>was declining to answer questions about the factual bases for plaintiff's claims on the grounds of lack of corporate knowledge and privilege</u>. After hearing the parties, the Court ruled that it would not grant defendants' oral motion to compel because it was futile to "order" a witness in mid-deposition to answer a question to which he claimed not to know the answer. However, the Court further stated ※ "<u>[plaintiff] will be stuck with the answers given</u>" if the present posture was maintained. ※

The present briefing reveals that plaintiff did indeed maintain that posture. Defendant Encertec, in one aspect of its motion for summary judgment, effectively asks the Court to grant summary judgment on this basis alone. NAMCO has adopted that portion of Encertec's motion. As to the deposition conduct itself, the Court is persuaded by the authority contrary to plaintiff's position. *See Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 33-34 (D.Conn.2003); *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, 206 F.R.D. 518, 520-21 (S.D.Fla.2002). Although without case citation, <u>the Court made clear during the telephone conference that it did not find plaintiff's position to be well taken</u>.

Plaintiff argues that, even under this contrary view, the remedy sought by Encertec and NAMCO is draconian, as well as unprecedented. The Court notes that in *Ierardi v.*

3

*Lorillard, Inc.*, 1991 WL 158911 (E.D.Pa.), the court held as follows: "Under Rule 30(b)(6), defendant has an obligation to prepare its designee to be able to give binding answers on behalf of [defendant]. If the designee testifies that [defendant] does not know the answer to plaintiffs' questions, [defendant] will not be allowed effectively to change its answer by introducing evidence during trial". Such was precisely this Court's ruling when it advised counsel that plaintiff would be "stuck with its answer" in the deposition. *See also Rainey v. Amer. Forest and Paper Assoc., Inc.*, 26 F.Supp.2d 82, 94 (D.D.C.1998). An inadequate Rule 30(b)(6) designation amounts to a refusal or failure to answer a deposition question. *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C.1989).

During the telephone conference, plaintiff was clearly given the option of either providing appropriate responses to deposition questions or being "stuck with its answer". Plaintiff chose the second option[1]. It is contrary to the spirit of the discovery process for a plaintiff, who commenced the lawsuit and bears the burden of proof, to shield inquiry into factual basis as a matter entrusted to counsel[2].

Plaintiff may complain that, because of its subrogee status, none of its employees would have the requisite knowledge required by the Rule 30(b)(6) deposition notice. The Court agrees that the plaintiff's status as a subrogee is relevant to the analysis; however, it

---

[1] Plaintiff's statement that its objections based on privilege "were upheld by this Court" (Response Brief at 17) is incorrect, as the transcript reflects.

[2] Encertec asks a pertinent rhetorical question: "If the answers to Encertec's 30(B)(6) questions invaded the attorney work product privilege, how, then, did the same products liability and negligence information find its way into Traveler's expert reports?" (Encertec's Reply Brief at 4).

4

is not helpful to plaintiff's position. Cf. *Federal Deposit Insurance Corp. v. Butcher*, 116 F.R.D. 196, 201 (E.D.Tenn.1986)(FDIC required to produce deponent even though it did not participate in underlying loan transactions). A subrogee, of course, stands in the shoes of the subrogor. Thus, plaintiff is legally charged with possessing the knowledge of CBC. Plaintiff also misreads Rule 30(b)(6). Nowhere does the rule require designation of a corporate employee. Any person who "consents to testify" may be named as the corporation's representative. *See Rainey*, 26 F.Supp.2d at 95 n.3. Here, plaintiff could have designated any number of CBC employees, or even its own expert witness[3] in order to comply with the deposition notice.

In sum, the Court agrees with Encertec that plaintiff is now precluded from presenting new or contrary evidence. Plaintiff's designated deponent was questioned regarding the factual bases of plaintiff's claims and effectively gave no answer, which now stands as plaintiff's evidentiary presentation. The allegations of a complaint do not create a genuine issue of material fact. *See Brown v. Parker-Hannifin Corp.*, 746 F.2d 1407, 1412 (10th Cir.1984). Thus, summary judgment is appropriate. Nevertheless, in the interest of

---

[3] During the telephone hearing, plaintiff's counsel implied that producing an expert witness to testify at the Rule 30(b)(6) deposition was improper because the deadline for disclosure of experts had not passed. This position is wholly illogical—such a deadline is the *last* possible date by which experts may be disclosed. Nothing prevents a party from disclosing experts *before* the deadline, and in some cases (such as when a subrogee with no independent knowledge of the case receives a Rule 30(b)(6) deposition notice requesting the factual basis of a claim) early disclosure may be well-advised. The Court would be remiss in failing to note that plaintiff had over three years from the date of the explosion until the date of the Rule 30(b)(6) deposition to determine the factual bases for its claims and figure out whom to produce to testify about them.

5

thoroughness for possible appellate review, the Court will address the plaintiff's claims based on the present record.

Plaintiff brings a claim of product liability against NAMCO for alleged defects in the flame-sensing system. Under Oklahoma law, to establish a manufacturer's product liability, a plaintiff must prove that (1) the product was the cause of the injury, (2) the defect existed in the product at the time the product left the manufacturer's possession and control and (3) the defect made the product unreasonably dangerous. *Cummings v. General Motors Corp.*, ___ F.3d ___, 2004 WL 902325 (10th Cir.); *Johnson v. Ford Motor Co.*, 45 P.3d 86, 91 n.12 (Okla. 2002).

In its response brief, plaintiff identifies the alleged defects as (1) the preheat burners, (2) the purge system, (3) the explosion relief, and (4) the lack of written instructions, operator's manuals, start-up procedures and safety labeling[4]. Plaintiff has presented expert reports, supplemented by adopting affidavits, asserting such defects[5]. However, this Court has previously found in a companion order, ruling on the motion for summary judgment of defendant NAMCO, that the proximate cause of the explosion was the disabling of the flame-sensing system.

---

[4] The piecemeal manner in which plaintiff revealed the alleged defects is set forth in Encertec's Reply Brief at 6 n.7.

[5] Encertec has not fully engaged these expert assertions, contending it was preventing from doing so by plaintiff's litigation strategy. Encertec asserts it will counter with its own expert witnesses "at the appropriate time." (Encertec Reply Brief at 13 n.14). The Court takes this as a concession that, should Encertec fail on (1) its Rule 30(b)(6) preclusion theory, (2) its lack of causation theory, and (3) its defenses of assumption of risk and misuse, then expert discovery will have to proceed, followed by a new round of briefing. Thus, the Court will not address these alleged defects in detail in this Order.

6

The Court agrees with Encertec that plaintiff's proof of causation is insufficient to survive summary judgment. Under Oklahoma law, a proximate cause is defined as one that, in the natural and continuous sequence, produces the plaintiff's injury and without which the injury would not have happened. *Woolard v. JLG Indus., Inc.*, 210 F.3d 1158, 1172 (10th Cir.2000). It is undisputed that, prior to the explosion, the flame-sensing system was disabled by CBC employees. Those employees, and indeed plaintiff's investigators, have admitted in testimony that such disabling was the cause of the explosion.

The Court also agrees with Encertec that CBC's actions constitute assumption of the risk and misuse of the product, two defenses entitling Encertec to judgment as a matter of law. Finally, the defects alleged are within the kiln itself. Encertec did not design, manufacture or sell the kiln. Beginning in 1997, Encertec was hired to provide selective parts to upgrade Kiln B in specific ways. It was not any part of the scope of Encertec's work to evaluate the entire kiln, to revamp all of the kiln systems or to upgrade every component of the kiln.

Plaintiff also brings a claim of negligence. Under Oklahoma law, to establish a claim based on negligence, the plaintiff must establish (a) the existence of a duty owed by defendant to plaintiff; (b) that the defendant failed to perform that duty; and (c) that the defendant's failure caused the plaintiff injury. *Woolard*, 210 F.3d at 1168; *Johnson v. Hillcrest Health Ctr., Inc.*, 70 P.3d 811, 816 (Okla.2003). Plaintiff asserts Encertec had a duty with regard to its purge system and explosion relief and that employees of Encertec

7

conducted engineering activities without a license. Again, plaintiff has failed to raise a genuine issue of material fact as to causation, and summary judgment is appropriate.

Plaintiff has alleged a claim against Encertec for breach of contract. In order to recover on its breach of contract theory, plaintiff needs to prove: (1) formation of a contract; (2) breach of the contract; and (3) damages as a direct result of the breach. *Digital Design v. Information Builders*, 24 P.3d 834, 843 (Okla.2001). The Amended Complaint asserts "Encertec contracted with Commercial Brick to provide consulting services to Commercial Brick concerning the installation, operation and maintenance of Kiln B." (¶106). The record does not reflect a genuine issue of material fact as to this issue[6].

Finally, plaintiff brings breach of warranty claims. Such a claim requires proof of (1) the existence of the warranty; (2) breach of the warranty; and (3) the breach of the warranty was the proximate cause of the loss sustained. *Am. Fertilizer Specialists, Inc. v. Wood*, 635 P.2d 592, 595 n.10 (Okla.1981). The Court sees no evidence of an express warranty by Encertec. For the reasons earlier stated, the Court also finds proof of causation is lacking.

The Court also sees no implied warranty of fitness because the good was used in the ordinary manner for which the good was manufactured. *See Crysco Oilfield Services, Inc. v. Hutchison-Hayes International, Inc.*, 913 F.2d 850, 852 (10th Cir.1990). The breach of warranty claims also fail because the record does not reflect that notice was given to Encertec

---

[6] In a motion to strike portions of Encertec's Reply Brief, plaintiff argues that Encertec should be denied summary judgment as to the contract claim because Encertec did not set forth a separate argument as to that claim. Encertec moved for summary judgment as to all claims. Under the facts of this case, the Court deems this sufficient.

8

of the alleged breaches. *See* 12A O.S. §2-607(3)(a). *See also Aqualon v. MAC Equipment, Inc.*, 149 F.3d 262 (4th Cir.1998).

It is the Order of the Court that the motion of the defendant Encertec, Inc. for summary judgment (#73) is hereby GRANTED. The motion of the plaintiff (#117) to strike portions of defendants' reply briefs or for leave to file surreply brief is hereby DENIED.

ORDERED THIS __27th__ DAY OF MAY, 2004.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE