IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA ex rel. JOHN           )
DOAK, INSURANCE COMMISSIONER,  )
AS RECEIVER FOR PARK AVENUE       )
PROPERTY & CASUALTY INSURANCE )
COMPANY,                                                       )
                                                                          )
AND                                                                  )
                                                                          )
STATE OF OKLAHOMA ex rel. JOHN           )
DOAK, INSURANCE COMMISSIONER,  )
AS RECEIVER FOR IMPERIAL                    )
CASUALTY AND INDEMNITY                    )
COMPANY,                                                       )
                                                                          )
               Plaintiffs,                                         )
                                                                          )
v.                                                                        )   Case No. CIV-12-409-C
                                                                          )
STAFFING CONCEPTS                                    )
INTERNATIONAL, INC.,                                 )
                                                                          )
               Defendant.                                        )

# ORDER

Now before the Court is Plaintiff's request to take three depositions after the November 1, 2013 extended discovery deadline. (Dkt. No. 82).  On October 17, 2013, Plaintiff issued subpoenas to take the depositions of Jerry Lancaster, Derek Lancaster, and Jan Schindler on October 31, 2013.  Counsel for the Lancasters and Schindler informed Plaintiff's attorney that their clients would be unavailable until November and Plaintiff's counsel agreed to withdraw the subpoenas, contingent on the Lancasters and Schindler voluntarily appearing for depositions in Oklahoma City in November, provided the Court consented to out-of-time depositions.

Plaintiff argues that it delayed in subpoenaing the three non-party witnesses because the relevance of their testimony did not become apparent until Defendant supplemented its Answers to Interrogatories on October 11, 2013, specifically setting out the purportedly fraudulent oral representations of Jerry and Derek Lancaster. Defendant objects, contending that it referenced the fraudulent conduct of the Lancasters and Shindler over a year ago, in its Answer and Counterclaim (Dkt. No. 16), filed March 23, 2012, and Rule 26(a)(1) initial disclosures (Dkt. No. 85, Ex. 1), made in August 2012. In Reply, Plaintiff argues that the allegations of fraud in Defendant's Answer and Counterclaim were non-specific but does not rebut Defendant's evidence that Defendant explicitly named the Lancasters and Shindler as people with knowledge of relevance material facts, including the surplus loan-collateral controversy.

Instead, Plaintiff relies on Defendants Rule 30(b)(6) corporate representative deposition, arguing that it is inconsistent with Defendant's later interrogatories answer supplementation. Specifically, Plaintiff points to testimony by Defendant's representative that he did not have any evidence of the "specific [fraudulent] statements" made to another of Defendant's employees. However, in arguing that Defendant thus testified that "there were no fraudulent statements that induced [Defendant] to enter into any of the contracts between Defendant and the insurers," (Pl.'s Mot., Dkt. No. 82, at 5), Plaintiff ignores the context of that statement, in which Defendant's 30(b)(6) representative repeatedly asserted the Lancasters had been fraudulent, both in their representations of the way they ran their business and in the surplus loan-collateral issue.

Because Plaintiff knew as early as August 2012, if not sooner, that Jerry Lancaster, Derek Lancaster, and Jan Schindler had information relevant to this matter, the Court will not reopen discovery to permit Plaintiff to take additional depositions out of time.

Accordingly, Plaintiff's Motion for Leave to Take Depositions After Discovery Cutoff Date of November 1, 2013, and Request for Expedited Ruling (Dkt. No. 82) is hereby DENIED.

IT IS SO ORDERED this 31st day of October, 2013.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge