## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) STATE OF OKLAHOMA, ex rel. | ) | |
| JOHN DOAK, INSURANCE | ) | |
| COMMISSIONER, AS RECEIVER | ) | |
| FOR PARK AVENUE PROPERTY & | ) | |
| CASUALTY INSURANCE | ) | |
| COMPANY, AND IMPERIAL CASUALTY | ) | |
| AND INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 5:12-CV-00409-C |
| | ) | |
| vs. | ) | |
| | ) | |
| (1) STAFFING CONCEPTS | ) | |
| INTERNATIONAL, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT STAFFING CONCEPTS INTERNATIONAL, INC.'S
## REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO LIMIT TESTIMONY
## OF MARK THARP

Pursuant to Local Rule 7.1(g), Staffing Concepts International, Inc. ("SCI")

submits this Reply to Plaintiff's ("Receiver's") Response (Doc. No. 113) to SCI's Motion

to Exclude or Limit evidence from Mark Tharp (Doc. 98).

To be clear, SCI seeks only the limit Mr. Tharp to fact testimony within his

personal knowledge, excluding his many *ipse dixit* legal conclusions and personally

adopted subjective opinions.  For a person to claims to respect the mantle of fiduciary

responsible that attaches to his role as Assistant Receiver, he has many such biased views

to espouse.  This Court should confine his testimony to admissible facts.

Tharp "opines" that PEO are inclined to "abuse" high-deductible workers

compensation policies.  Even if true, this would be inadmissible evidence of generalities

about others that cannot be assumed to apply to SCI.  Fed. R. Evid. 402, 403, 406.  This

inadmissible attempt to imply guilt by association – without even proving that other

PEOs are guilty of anything – should be barred.  It is also a subjective, *ipse dixit* opinion

contrary to informed studies and scholarship from organizations in which Tharp professes

to place trust.  Because the support Tharp now purports to derive from other sources,

namely, Receiver's Exhibits 4, 5 and 6, was not disclosed with his Report, at his

deposition, or by production during discovery and inclusion on the Receiver's final

exhibit list, Tharp should not be permitted, *post-hoc*, to attempt to corroborate his general

prejudice against PEOs.  Fed. R. Evid. 26.

Tharp opines that SCI breached its agreements and that SCI therefore owes the

Receiver $10,754,296.  As Mr. Tharp is not a lawyer, judge, or jury, these are not

conclusions he is qualified to pronounce.  If an appropriate foundation is laid it would be

fair for him to testify that he has reviewed documents that appear to form a contract or

series of contracts, and to describe the payments that were or were not made.  Subject to

the rulings this Court has been asked to make concerning components of Receiver's

claims that should be eliminated from this case as a matter of law, it would be fair for

Tharp to present a methodical computation of any allowable claim amounts to arrive at an

amount that Receiver <u>claims</u> SCI owes.  As illustrated in Receiver's lengthy quote from

*Specht's* discussion of Weinstein on Evidence, Tharp's opinions go beyond merely

"embracing" the legal questions and instead reach far into "oath-helping".  He attempts to

declare ultimate answers such as "SCI owes $X" instead to sticking to factual assertions

such as "the agreement says X would be paid by Y; the records do not show that X was

paid by Y."   The court should bar any attempt to elicit a naked conclusion, especially couched as "expert testimony", propounding that SCI breached a contract or owes a particular.

Receiver is correct in asserting that the acid test for whether opinion testimony should be admitted is whether it will in fact help the jury.  Reliability is a necessary key to deciding whether the testimony has the necessary helpfulness.  Prejudice and bias adopted in advance of actual study does not qualify as reliable or helpful.  Nothing that Tharp purports to cloak in the guise of "exert testimony" is fundamentally helpful to a jury.  While he may permissibly expound Receiver's chosen facts, it would be confusing and prejudicial to anoint him as an "expert" for the exposition of facts that the jury can and should evaluate for themselves.  Tharp has not demonstrated that the contract documents are particularly byzantine or that complex accounting or exotic math will be needed to add up whatever the admissible evidence reveals for the premiums and actual loss reimbursements SCI became responsible for and compare that total to the total of SCI's many payments and interest and dividend credits.  Indeed, Tharp did not do this math himself in this case – he had Monika Reitz do it for him.

Regarding Tharp's reliance on the composite UDS database, Receiver has not overcome the fact that despite evidence that some errors do exist, nobody has determined how many such errors exist in that database.  The authorities cited by SCI approve of disallowing any opinion testimony based on a dataset with known errors where the person who wants to rely on the data does not actually know how reliable or unreliable it may be.

Tharp's 35 years of experience as a CPA whose professional experience has been predominantly in the role of either liquidator or hired expert witness for a liquidator is not, alone, enough to imbue him with any privilege or authority to tell the jury what they should find from the facts.  This Court should appropriately confine Mr. Tharp to fact testimony within his personal knowledge.

Respectfully submitted,

*/s/Leif E. Swedlow*

Leif E Swedlow, OBA #17710
ANDREWS DAVIS, P.C.
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK 73102
Telephone: (405) 272-9241
Facsimile: (405) 235-8786
E-mail: leswedlow@andrewsdavis.com
-and-
Mark M. Barber, P.A. (FBN  0573701)
Admitted pro hac vice
BROAD AND CASSEL
100 North Tampa Street, Suite 3500
Tampa, FL 33602
Telephone: (813) 225-3020
Facsimile: (813) 225-3039
E-mail: mbarber@broadandcassel.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December, 2013, I electronically transmitted the attached document to the following ECF registrants:

John M. O'Connor
William W. O'Connor
Gregory P. Reilly
Patrick H. Kernan
Newton, O'Connor, Turner & Ketchum, P.C.
15 West Sixth Street, Suite 2700
Tulsa, OK 74119-5423

/s/Leif E. Swedlow

356972.1