UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) STATE OF OKLAHOMA, ex rel. JOHN DOAK, INSURANCE COMMISSIONER, AS RECEIVER FOR PARK AVENUE PROPERTY & CASUALTY INSURANCE COMPANY, AND IMPERIAL CASUALTY AND INDEMNITY COMPANY, <br><br>            Plaintiffs, <br><br>vs. <br><br>(1) STAFFING CONCEPTS INTERNATIONAL, INC. <br><br>            Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 5:12-CV-00409-C |

**STAFFING CONCEPTS INTERNATIONAL'S SUR-REPLY
CONCERNING SUMMARY JUDGMENT**

Staffing Concept's International, Inc. ("SCI") submits this Sur-reply to address the effects of certain new arguments and exhibits submitted with the Reply (Doc. No. 118) filed by Plaintiff ("Receiver") in support of Receiver's Motion for Summary Judgment (Doc. No. 99).

Receiver's Motion initially argued that SCI is not entitled to setoff or recoupment credit regarding the money SCI loaned to PHI (the "SCI Loan") to serve as both collateral for SCI's Policy liabilities and to supply putatively needed surplus to PPC – as expressly represented to SCI in the 2003 Proposal (SCI's MPSJ Ex. 3) and the SCI Loan document (SCI's MPSJ Ex. 11). In contending that PPC did not receive the SCI Loan funds, Receiver's Reply proffers the new argument that because SCI did not obtain all of

what it sought in discovery it cannot prove that the SCI Loan money was received by PPC. Receiver also proffers that Assistant Receiver Mark Tharp claimed at his deposition that he conducted a "tracing" exercise concerning the SCI Loan funds. The Reply, therefore, creates two situations in which the <u>only</u> inferences that can reasonably be drawn merit denial of Receiver's Motion, if not judgment in SCI's favor.

First, either the SCI Loan funds were transferred from PHI to PPC or they were not. If the money did pass from PHI to PPC, setoff and recoupment should apply as explained in SCI's Motion for Partial Summary Judgment, so Receiver's Motion should be denied as to its converse contention. If the money was not paid, as Receiver's Reply newly asserts, the 2003 Proposal and the 2003 SCI Loan document are indisputably instruments of fraudulent inducement of the entire insurance relationship by PPC, PHI, and its common principal officers and controlling persons (the persons Receiver has accused of later "looting" the Insurers by exploiting their controlling role in the illegal Park Avenue transaction) because the written statements of how the loaned money would be used, found in both of these documents, were utter misrepresentations if the loaned money was not actually needed by and actually provided to PPC.

Second, either Mr. Tharp used material evidence that was knowingly withheld from production to SCI despite SCI's discovery requests and the available confidentiality protective order in this case,[1] or he did not, in fact, conduct a "tracing" examination of

---

[1] To the extent that Receiver claims that counsel for PHI and Jerry Lancaster asserted confidentiality and attorney-client privilege owed to PHI to bar production of financial records between PHI and PPC in this case, it would have been equally wrongful for Receiver to keep and make use of such material in this case.

2

the SCI Loan funds. His deposition testimony contradicts footnote (b) of his own summary ledger of SCI's account (SCI MPSJ Ex. 10), insofar as that footnote says that no such review occurred.[2] The Court should not judge credibility as a part of summary judgment consideration, *Stinnett v. Safeway, Inc.*, 337 F.3d 1213, 1216 (10th Cir.2003), but it should recognize that the contradictions and discovery gamesmanship practiced by Mr. Tharp and Receiver lead to disputed material fact issues on the arguments asserted by Receiver. In contrast, SCI's Motion for Partial Summary Judgment seeks adjudication of issues that do not require resolution of the disputed facts concerning SCI's fraudulent inducement, tracing, and integrated enterprise liability contentions.

With regard to the alternative theory of integrated enterprise/alter ego liability as a basis for holding the Insurers' estates to account for the unreturned SCI Loan funds, Receiver continues to misconstrue the roles of the entities and people involved. Both the Insurers <u>and</u> PHI were effectively undercapitalized while the Lancasters and their cohorts "looted" all of the entities within the enterprise using a wide variety of deceptive schemes and related other companies, such as General Insurance Managers. If other issues are not resolved as matters of summary adjudication in SCI's favor, there are enough disputed facts to let the jury decide whether the Insurers and PPC were operated by the Lancaster and their cohorts as a single integrated enterprise and alter egos of their overall insurance enterprise.

---

[2] SCI's expert, D.R. Payne, conducted his initial review using early discovery materials, and as foreshadowed in his written report, he has been able to extend his analysis with documents subsequently made available by both Receiver and PHI's separate counsel.

                                      Respectfully submitted,

                                    */s/Leif E. Swedlow*
                             Leif E Swedlow, OBA #17710
                              ANDREWS DAVIS, P.C.
               100 North Broadway Avenue, Suite 3300
                         Oklahoma City, OK 73102
                         Telephone: (405) 272-9241
                         Facsimile: (405) 235-8786
               E-mail: leswedlow@andrewsdavis.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 17th day of January, 2014, I electronically transmitted the attached document to the following ECF registrants:

John M. O'Connor
William W. O'Connor
Gregory P. Reilly
Patrick H. Kernan
Newton, O'Connor, Turner & Ketchum, P.C.
15 West Sixth Street, Suite 2700
Tulsa, OK 74119-5423

                                      /s/*Leif E. Swedlow*
                                      Leif E. Swedlow

358487.1