## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA, *ex rel.* JOHN DOAK, INSURANCE COMMISSIONER, AS RECEIVER FOR PARK AVENUE PROPERTY& CASUALTY INSURANCE COMPANY | ) ) ) ) ) | |
| AND | ) ) | |
| STATE OF OKLAHOMA, *ex rel.* JOHN DOAK, INSURANCE COMMISSIONER, AS RECEIVER FOR IMPERIAL CASUALTY | ) ) ) ) | Case No. 5:12-cv-00409-C |
| AND INDEMNITY COMPANY, | ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | |
| STAFFING CONCEPTS INTERNATIONAL, INC., | ) ) ) | |
| Defendant. | ) | |

## JOINT MOTION TO CERTIFY ORDER FOR
## INTERLOCUTORY APPEAL AND FOR STAY OF TRIAL PENDING APPEAL

Plaintiff, the State of Oklahoma, ex rel. John Doak, Insurance Commissioner, as Receiver for Park Avenue Property & Casualty Insurance Company, and Imperial Casualty and Indemnity Company (the "Receiver"), and Defendant Staffing Concepts International, Inc. ("SCI"), pursuant to 28 U.S.C. § 1292(b) jointly move for an order certifying the Court's Memorandum Opinion and Order (Dkt. No. 133) for interlocutory appeal. Pursuant to 28 U.S.C. § 1292(b), the parties also jointly move for a stay of trial pending appeal to the Tenth Circuit Court of Appeals. In support, the parties submit the following:

1.      On November 15, 2013, the Receiver filed his Motion for Summary Judgment, (Dkt. No. 99), moving for judgment as a matter of law on all claims and counterclaims, and SCI filed its Motion for Partial Summary Judgment, (Dkt. No. 96), moving for judgment as a matter of law on portions of the Receiver's breach of contract claims and its entitlement to set-off for the loans it provided to Providence Holdings, Inc. ("PHI").  SCI filed a Motion to Strike, (Dkt. No. 120), seeking to exclude an affidavit the Receiver exhibited in support of his position on the Receiver's standing to pursue payments made by various state guaranty associations and reserves established to cover future payments within SCI's deductible.

2.      On January 24, 2014, the Court entered its Memorandum Opinion and Order, (Dkt. No. 133), granting in part and denying in part SCI's Motion for Partial Summary Judgment and denying the Receiver's Motion for Summary Judgment.  On January 27, 2014, the Court entered an Order, (Dkt. No. 136), mooting SCI's Motion to Strike and one other pending motion.

3.      In its Memorandum Opinion and Order, the Court made the following determinations as a matter of law:

       a.      The Court dismissed "that portion of the Receiver's suit that seeks to recover money paid out [by] or owed to state guaranty associations" due to lack of standing, citing, among other authorities provisions of the Oklahoma Uniform Insurers Liquidation Act, OKLA. STAT. tit. 36, §§ 1901, et seq. ("Liquidation Act") and the Oklahoma Property and Casualty Insurance Guaranty Association Act, OKLA. STAT. tit. 36, §§ 2001, et seq. ("Guaranty Association Act")  (Dkt. No. 133

at 5).

b.     The Court cited the Liquidation Act in denying the Receiver's right to recover IBNR damages because "Oklahoma law prevents the Receiver from ever having to pay IBNR claims out of the Insurers' estates" (*Id.* at 8).

c.     The Court cited the Liquidation Act in denying partial summary judgment in SCI's favor, ruling that the Receiver will be entitled to collect contractually-authorized interest if he prevails on the portions of his breach of contract claim not dismissed by the Court and a balance due exists after applying all set-offs (*Id.* at 9).

d.     The Court cited the Liquidation Act, other authorities, and the language of the contract between SCI and PHI, in determining that SCI was entitled to a set-off for the amounts SCI loaned to PHI as the agreement provided that such recovery would be made from the assets of Providence Property & Casualty Insurance Company (l/k/a Park Avenue) in the event of its liquidation (*Id.* at 11).

e.     The Court denied the Receiver's motion for summary judgment on the Receiver's remaining breach of contract claims related to premiums owed and deductibles directly paid by the insurers and on SCI's fraudulent inducement defense, leaving these as the only issues for resolution at trial (*Id.* at 6-7 and 12).

4.     The Receiver asserts that $3,312,991.77 of his claim consists of payments made by twelve (12) state guaranty associations, $943,434.00 in case reserve estimates by seven (7) state guaranty associations who still have one or more open worker

compensation claims, and Receiver's assertion of $1,213,673 in IBNR.   The net amount of Receiver's claim, for both insurers' estates, before interest, and after disallowance of the portions excluded by the Court's Order, would be less than $700,000.00.  Considering the summary judgment record, the value of the setoff recognized in SCI's favor may be as much as $4,079,111.16[1] against amounts owed to Park Avenue and $1,000,000 claims collateral the Receiver acknowledges, which may possibly be divided between the two estates.

5.     Based on the issues on which summary judgment was not granted, SCI asserts it could further decrease the Receiver's claim and thereby increase the balance due in SCI's favor.  A net judgment in SCI's favor would, however, be treated as a Class 6 claim, a Class 9 claim, or paid just prior to distribution of assets to shareholders in one or both of the Insurers' estates depending on the nature of such amount due, and not likely to be eligible for payment in the foreseeable future, if at all.

6.     Based on the above, the parties recognize that conducting a jury trial makes no economic sense to either party as the case now stands.

7.     The Court's ruling impacts twenty (20) other cases in which the Receiver seeks or has obtained judgment against the Insurers' policyholders for unpaid premiums, and unreimbursed deductible payments.  The Receiver seeks to collect over $80 million from these policyholders, the vast majority of which is either state guaranty association

---

[1] The Court's Order did not distinguish between the unpaid principal balance of the original loan and the conversion of part of that loan into "preferred shares" of PHI, with $200,000 worth of such shares being effectively repaid by transfer to a third party.  Even if the converted shares portion of the loan were treated differently, the unconverted loan principal of $2,279,111.16 would still exceed the remaining value of Receiver's claim.

4

payments and case reserves within the deductible or IBNR.  In each of the following cases, the Receiver seeks judgment or has obtained judgment against a policyholder for amounts including payments made and case reserves established by the state guaranty associations and for IBNR:

*The State of Oklahoma* (As Receiver for Imperial) *v. All Staffing, Inc., et al,* No. CJ-2011-4430, J. Parish (filed June 28, 2011)

*The State of Oklahoma* (As Receiver for Imperial and Park Avenue) *v. Allstates Employer Services, Inc.*, No. CJ-2012-1512, J. Parrish (filed Mar. 9, 2012)

*The State of Oklahoma* (As Receiver for Imperial and Park Avenue) *v. Bus. Pers. Solutions, Inc.*, No. CJ-2013-6213, J. Prince (filed Nov. 12, 2013)

*The State of Oklahoma* (As Receiver for Imperial and Park Avenue) *v. ELS Human Resources, Inc.,* No. CJ-2012-1321, J. Dixon (filed Mar. 1, 2012; judgment entered Nov. 21, 2012)

*The State of Oklahoma* (As Receiver for Imperial and Park Avenue) *v. Employment Traditions, Inc.*, W.D. Okla. Case Nos. 11-cv-863-C and 11-cv-864-C, J. Cauthron (filed June 28, 2011; judgment entered June 12, 2012)

*The State of Oklahoma* (As Receiver for Imperial and Park Avenue) *v. Exceptional Pers., Inc.*, No. CJ-2012-1291, J. Stuart (filed Feb. 29, 2012; judgment entered Dec. 12, 2013)

*The State of Oklahoma* (As Receiver for Imperial and Park Avenue) *v. Exceptional Pers., Inc.*, No. CJ-2012-1291, J. Stuart (filed Feb. 29, 2012; judgment entered Dec. 12, 2013)

*The State of Oklahoma* (As Receiver for Imperial and Park Avenue) *v. Crum Resources, Inc., et al.*, No. CJ-2013-6212, J. Dixon (filed Nov. 12, 2013)

*The State of Oklahoma* (As Receiver for Imperial and Park Avenue) *v. Howard Leasing, Inc.*, No. CJ-2012-1292, J. Graves (filed Feb. 29, 2012)

*The State of Oklahoma* (As Receiver for Imperial and Park Avenue) *v. Modern Bus. Assocs., Inc.*, No. CJ-2012-1511, J. Parrish (filed Mar. 9, 2012)

*The State of Oklahoma* (As Receiver for Imperial and Park Avenue) *v. National PEO*, W.D. Okla. Case No. 13-cv-13456-C, J. Cauthron (filed Nov. 12, 2013)

*The State of Oklahoma* (As Receiver for Imperial and Park Avenue) *v. Odyssey One Source, Inc.*, No. CJ-2012-1296, J. Parrish (filed Feb. 29, 2012)

*The State of Oklahoma* (As Receiver for Imperial and Park Avenue) *v. Oxygen Unlimited, LLC.*, No. CJ-2012-1883, J. Dixon (filed Mar. 29, 2012)

*The State of Oklahoma* (As Receiver Park Avenue) *v. Pyramid Diversified Services, Inc.*, W.D. Okla. Case Nos. 09-cv-622-HE and 12-cv-457, J. Heaton (filed Mar. 7, 2012; judgment entered Nov. 26, 2013)[2]

*The State of Oklahoma* (As Receiver for Imperial and Park Avenue) *v. Select PEO, Inc.*, No. CJ-2012-1297, J. Graves (filed Feb. 29, 2012)

*The State of Oklahoma* (As Receiver for Imperial and Park Avenue) *v. Skilstaf, Inc. et al.*, No. CJ-2013-6218, J. Swinton (filed Nov. 12, 2013)

*The State of Oklahoma* (As Receiver for Imperial and Park Avenue) *v. SourcePointe, LLC.*, No. CJ-2012-1514, J. Parrish (filed Mar. 9, 2012)

*The State of Oklahoma* (As Receiver for Imperial and Park Avenue) *v. T&T Staff Mgmt., Inc.*, No. CJ-2012-1299, J. Parrish (filed Feb. 29, 2012)

*The State of Oklahoma* (As Receiver for Imperial and Park Avenue) *v. Vensure Employer Servs., Inc.*, No. CJ-2012-1322, J. Parrish (filed Mar.1, 2012)

*The State of Oklahoma* (As Receiver for Imperial and Park Avenue) *v. Windsor HR Servs., Inc.*, No. CJ-2012-1300, J. Parrish (filed Feb. 29, 2012)

---

[2] In the Pyramid Diversified Services case, the Receiver's Request for IBNR reserves was denied on summary judgment for reasons different than the Court's ruling in this case. The Receiver's Motion to Amend or Alter the Judgment is pending before Judge Heaton.

A. **STANDARD FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL**

28 U.S.C. § 1292(b) provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

*Id.*; *see also Rural Water Dist. No. 4 v. City of Eudora*, 720 F.3d 1269, 1278 (10th Cir. 2013).   The Court must make three determinations: first, whether the order involves controlling questions of law; second, whether there are substantial grounds for different opinions on that law; third, whether an immediate appeal materially advances the ultimate termination of the litigation.  *McMurtry v. Aetna Life ins. Co.*, No CIV-05-84-C, 2006 U.S. Dist. LEXIS 81138 at *4 (W.D. Okla. Nov. 3, 2006).  The certification may be made in a supplemental order and the time to appeal runs from the entry of the supplemental order.  *Id.* at *3, n. 1 (citing *Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962).

Regarding the first requirement that there be controlling questions of law, the Court has adopted the standard that a question of law is controlling "'if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so.'"  *Id.* at *5 (quoting *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86

F.3d 656, 659 (7th Cir. 1996). "'[A] question is controlling, even though its decision might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants.'" *Id.* (quoting *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991). Here, the Court made legal decisions that affected rights of the parties and effectively foreclosed a breach of contract claim of at least one of the Insurers, Park Avenue. As to Imperial, if the Tenth Circuit determines the Receiver is entitled to pursue damages on behalf of the state guaranty associations and collect IBNR – reversing the Court – a trial now for the remaining portion of the Receiver's claims may be meaningless if additional evidence of damages has to be submitted to a jury, and the Court and the litigants will have spent substantial time and expense preparing for and conducting a trial that would be meaningless upon reversal. *Id.* at *6.

The second question – whether there are substantial differences of opinion on the controlling law – is also satisfied. The Court's legal determinations of standing, entitlement to IBNR, and SCI's set-off are based on Oklahoma's Liquidation Act, Oklahoma's Guaranty Association Act, and other Oklahoma statutes regulating the business of insurance, e.g., OKLA. STAT. tit. 36, § 2125. The parties' respective cross-motions and briefs within the summary judgment record show substantial differences of opinion on how the Liquidation Act and the Guaranty Association Act affect this case.

Additionally, the Court's determination has broad implications on the Receiver's standing and authority to collect asserted debts of the estate in this case as well as twenty (20) other actions against policyholders of the insurers with substantially similar if not identical issues. The issues decided related to the standing of the Receiver to collect on

8

behalf of the state guaranty associations and the Receiver's entitlement to collect IBNR were determined as matters of law.  Some, though not all, of the Receiver's other 20 cases also involve facts which may be affected if not determined by the Court's adjudication of SCI's set-off counterclaim.

Finally, an immediate appeal will advance the ultimate termination of the litigation.  In addition to a potential savings of the Court's and litigants' resources, a trial on the remaining issues may delay appeal several weeks or months.  Accordingly, the Court should stay remaining proceedings pending appeal to the Tenth Circuit, and, if the appeal is accepted, proceedings should be stayed until mandate is issued.  28 U.S.C. § 1292(b).

WHEREFORE, the parties respectfully request certification of the Court's Memorandum Opinion and Order, (Dkt. No. 133), for interlocutory appeal to the Tenth Circuit pursuant to 28 U.S.C. § 1292(b).  The parties also request that all proceedings be stayed pending appeal to the Tenth Circuit, and if the appeal is accepted, stayed until mandate is issued.

Respectfully submitted,


/s/ Gregory P. Reilly
Patrick H. Kernan, OBA No. 4983
Gregory P. Reilly, OBA No. 22284
**NEWTON, O'CONNOR, TURNER & KETCHUM, P.C.**
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma   74119-5423
Telephone: (918) 587-0101
Facsimile: (918) 587-0102
pkernan@newtonoconnor.com
greilly@newtonoconnor.com

**ATTORNEYS FOR THE RECEIVER**


/s/Leif E. Swedlow*
Leif E. Swedlow, OBA #17710
**ANDREWS DAVIS, P.C.**
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK 73102
Telephone: 405-272-9241
Facsimile: 405-235-8786
leswedlow@andrewsdavis.com

**ATTORNEYS FOR STAFFING
CONCEPTS INTERNATIONAL, INC.**


*Signed By filing attorney with permission.

10

## CERTIFICATE OF SERVICE

This is to certify that on this 3rd day of February, 2014, a true and correct copy of the above and foregoing document was filed and served via the Court's CM/ECF system to:

Leif Swedlow, Esq.

 /s/ *Gregory P. Reilly*

Gregory P. Reilly