UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) STATE OF OKLAHOMA, ex rel.   )<br>JOHN DOAK, INSURANCE                 )<br>COMMISSIONER, AS RECEIVER       )<br>FOR PARK AVENUE PROPERTY &     )<br>CASUALTY INSURANCE               )<br>COMPANY, AND IMPERIAL CASUALTY )<br>AND INDEMNITY COMPANY,           )<br>                                                           )<br>                                    Plaintiff,        )<br>                                                           )<br>vs.                                                      )<br>                                                           )<br>(1) STAFFING CONCEPTS              )<br>INTERNATIONAL, INC.                )<br>                                                           )<br>                                    Defendant.     ) | Case No. 5:12-CV-00409-C |

**JOINT STIPULATION AND REQUEST FOR CLARIFICATION**

Plaintiff ("Receiver") and Defendant ("SCI") hereby jointly submit herein Stipulations of Fact, a joint request pursuant to Fed. R. Civ. P. 60 for clarification of one element of this Court's Partial Summary Judgment Order (Doc. No. 133), and request for entry of final judgment. The Court has ruled "the only issues remaining are the Receiver's breach of contract claims for unpaid premium and deductible reimbursements for claims already paid by the Insurers' estates – not IBNR or claims administered and paid by the state guaranty associations – and SCI's affirmative defense of fraudulent inducement" (Doc. No. 133 at 12). With these stipulations, and upon clarification by the Court concerning one question that the parties have been unable to otherwise resolve regarding the effect of the Summary Judgment Order, there will be no further issues for jury trial and entry of a final Judgment will be proper. Except with regard to the factual stipulations and limited voluntary dismissal set forth herein, neither party waives its right

385871_2

to appeal from the anticipated entry of final judgment based upon and incorporating the Summary Judgment Order and these stipulations, or to assert, on appeal or in the event of remand, any issues, defenses or claims not disposed of by these stipulations.

## JOINT FACT STIPULATIONS

1. Excluding claim components adjudicated by the Summary Judgment Order, amounts excluded by Receiver by concession (i.e., deductible charges for payments made by the insurers to a particular payee, General Insurance Managers, Inc.), credits for payments SCI made on deductible and premium obligations, and before application of SCI's Claims Collateral Deposit (which was recognized in the Receiver's original Petition), SCI would owe the estate of Park Avenue $597,961.00 and would owe the estate of Imperial $88,016.00. Such sums are inclusive of pre-liquidation paid losses and loss adjustment expenses within SCI's deductible and assessed but unpaid premiums due upon those policies.

2. Pending approval of the receivership judges, Receiver is allocating Claims Collateral deposits equitably between the estates. Application of SCI's $1,000,000.00 Claims Collateral results in a net credit balance in SCI's favor in the aggregate amount of $314,023.00. The allocation of any finally determined credit in SCI's favor between the two insolvent insurer estates and claims distributions from insurers' assets are subjects appropriately deferred to the receivership judges. But solely for procedural reasons and for purposes of determining an appropriate offset in the event of a partial reversal of the Court's judgment, the judgment should reflect the net credit in favor of SCI.

3. Insofar as a credit balance exists in SCI's favor based upon the Summary Judgment Order, interest in favor of the insolvent insurer estates is inapplicable for purposes of these stipulations.  However, in the event that portions of the Summary Judgment Order are reversed on appeal and disallowed components of Receiver's claims are restored in a subsequent final judgment, the determination of interest in Receiver's favor, if any, would depend on the contractual right to interest for any amount recovered.

## STIPULATION OF VOLUNTARY DISMISSAL

1. SCI hereby stipulates, and Receiver hereby consents to such stipulation, pursuant to Fed. R. Civ. P. 41(a)(1)(ii), to dismissal with prejudice of SCI's counterclaim against Receiver solely with regard to damages for or invalidation of the alleged Proposals and Policies due to fraudulent inducement thereof by the Insolvent Insurers and/or their controlling principals.   This stipulation of dismissal applies to the assertion of fraudulent inducement as an affirmative defense to the claims of Receiver.  No other affirmative defenses or counterclaims are waived or dismissed by SCI.

## JOINT REQUEST FOR CLARIFICATION

1. The Summary Judgment Order held that SCI is entitled to a setoff credit against amounts owed to Park Avenue based upon money loaned to Providence Holding, Inc. ("PHI").

2. The aggregate loan amount under two "Surplus Loan Agreements" was $4,279,111.23.

3. Within the Undisputed Fact submissions of the parties, SCI acknowledged that the loan provided pursuant to a $2,000,000 Surplus Loan Agreement was converted to an equivalently valued tranche of "preferred stock" of PHI (Doc. No. 99-29 at 50), of which SCI bartered, transferred, or sold shares valued at $200,000 to a third party.

4. Based on the summary judgment evidence, the acknowledged remaining unconverted loan principal was $2,279,111.23.

5. The Court's Summary Judgment Order did not specify whether the Court's ruling that SCI is entitled to application of the unpaid loan balance as a setoff against Receiver's claims should apply to:

   a. The remaining unpaid loan balance *only*, precluding any setoff recognition of the loan balance that was converted to stock; or

   b. The remaining unpaid loan balance as a matter of undisputed fact and *potentially* the converted balance to the extent that fraudulent inducement of the stock conversion transaction is established at trial; or

   c. The entirety of the unpaid loan balance, inclusive of the amount SCI converted to and retained as preferred stock.  If the Court found that SCI is entitled to a setoff for the amount of the unpaid loan balance SCI converted and retained as PHI preferred stock, SCI stipulates it is required to transfer such stock to the Receiver for Park Avenue to be entitled to a setoff for such amount.

6. Whether the conversion of part of the loan balance to PHI preferred stock was fraudulently induced by the insolvent insurers would be a fact issue but for SCI's agreement, above and herein, to voluntarily dismiss fraudulent inducement claims with prejudice.

7. The parties jointly request that the Court clarify, pursuant to Fed. R. Civ. P. 60, the amount of setoff credit against amounts owed to Park Avenue adjudicated as a matter of undisputed fact.

Based upon the above stipulations and upon the Court's clarification of the effect of the Summary Judgment Order, the parties submit that entry of a final Judgment will be proper based upon the Summary Judgment Order, these Stipulations and the Court's clarification regarding the setoff adjudication.

Dated this 12th day of September, 2014.

Respectfully submitted,

*s/ Leif E. Swedlow*
(*Filing Attorney*)
Leif E. Swedlow, OBA #17710
ANDREWS DAVIS
A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELLORS AT LAW
100 North Broadway Avenue, Suite 3300
Oklahoma City, Oklahoma 73102
Telephone: (405) 272-9241
Facsimile: (405) 235-8786
E-mail: lswedlow@andrewsdavis.com
*Attorneys for Defendant*

*s/ Patrick H. Kernan*
(*Signed by Filing Attorney with permission of Attorney*)
Patrick H. Kernan, OBA No. 4983
Gregory P. Reilly, OBA No. 22284
NEWTON, O'CONNOR, TURNER & KETCHUM, P.C.
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma 74119-5423
Telephone: (918) 587-0101
Facsimile: (918) 587-0102
E-mail: pkernan@newtonoconnor.com
E-mail: greilly@newtonoconnor.com
*Attorneys for Receiver*
